**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARVIN HAIRSTON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 16-cv-9677 |
| v. | ) | |
| | ) | |
| LAW OFFICE OF KEITH S. SHINDLER, LTD., | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Marvin Hairston, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. §§ 1331 and 1337.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

**PARTIES**

3. Plaintiff, Marvin Hairston ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect an allegedly delinquent consumer debt allegedly owed to Credit Acceptance Corp. for an automobile loan. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, The Law Offices of Keith S. Shindler, Ltd. d/b/a Shindler & Joyce, ("Shindler"), is an Illinois professional corporation with its principal place of business at 1990 E. Algonquin Road, Schaumburg, IL 60173. It does or transacts business in Illinois. Its registered agent is Keith S. Shindler who can be found at 1990 E. Algonquin Road, Schaumburg, IL 60173. (Exhibit A, Record from the Illinois Secretary of State).

5. Shindler is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Shindler regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7. According to Defendant, Plaintiff incurred a debt for goods or services purchased and used for personal purposes, originally to Credit Acceptance Corp. ("CAC") for an automobile loan ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

8. Due to major defects with the vehicle, Plaintiff surrendered the vehicle to CAC because it was no longer useable without paying for repairs that cost far in excess of what the vehicle was worth. CAC claimed that he owed additional money for the auto loan and attempted to collect it from Plaintiff, which Plaintiff has disputed.

9. CAC subsequently retained or hired Shindler to collect the alleged debt from Plaintiff.

10. Shindler was at all times authorized to act on behalf of CAC to attempt to collect the alleged debt from Plaintiff.

11. On or about April 4, 2016, Shindler filed a complaint ("Complaint") on behalf of CAC against Plaintiff in the Circuit Court of Cook County, Illinois, styled as *Credit Acceptance Corp. v. Marvin Hairston*, Case No. 16-M6-3447 ("State Action"). (Exhibit B, State Court Complaint).

12. The Complaint conveyed various information regarding the alleged debt to Plaintiff, including the name of the original creditor, the amount allegedly due, and the party to whom the debt is allegedly owed.

13. The Complaint is thus a communication as that term is defined at § 1692a(2) of the FDCPA.

14. On or about April 4, 2016, Shindler had a summons issued to be served on Mr. Hairston at 16440 California Ave, Markham, IL 60427. (Exhibit C, Summons).

15. On or about April 26, 2016, the Complaint was served on an individual living at that address. (Exhibit D, State Action docket).

16. The address Defendant used for Plaintiff was in Markham, Illinois, located in the 6th Municipal District of the Circuit Court of Cook County.

17. Defendant was not personally served at the Markham address and was not at that address when service was allegedly effected. In fact, Plaintiff did not live there when the suit was filed or served.

18. Plaintiff resided in Chicago, Illinois at the time the complaint was filed and alleged to have been served and had not been residing at the Markham address at the time the lawsuit was filed or served.

19. Plaintiff had been living in Chicago since August 11, 2015, over six months before the state collection case was filed.

20. Chicago, Illinois, is part of the First Judicial District of Cook County, Illinois.

21. Shindler filed its lawsuit against Plaintiff in the Sixth Municipal District, instead of the First Municipal District of Cook County, Illinois, where Plaintiff resided.

22. Plaintiff did not sign a contract in the Sixth Municipal District of Cook County that created the alleged debt.

23. Plaintiff appeared *Pro Se* to defend himself, even though the commute from his home to the Markham courthouse took several hours on public transportation. If Plaintiff had been sued in the First Municipal District, the commute to court would have taken far less time and would have been much more manageable.

24. It is 35.9 miles from Plaintiff's residence to the Markham courthouse in the Sixth Municipal District.

25. It is only 12 miles from Plaintiff's residence to the Daley Center in the First Municipal District.

26. Plaintiff was severely inconvenienced due to Defendant's decision to file the lawsuit in a forum where he did not live and was forced to expend additional time and expense to travel to defend himself in the state court action.

27. Section 1692i(a) of the FDCPA provides:

> **Venue**
>
> **Any debt collector who brings any legal action on a debt against any consumer shall—**
>
> **. . . (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—**
>
> **(A) in which such consumer signed the contract sued upon; or**
> **(B) in which such consumer resides at the commencement of the action.**

28. Shindler failed to file the lawsuit against Plaintiff in the judicial district in which consumer resides, in violation of Section 15 U.S.C. 1692i(a)(2). *See Suesz v. Med-1 Solutions, LLC*, 13-1821, 2014 WL 2964771 (7th Cir.).

29. Shindler's wrongful filing of the lawsuit in the wrong jurisdiction caused Plaintiff to expend additional time and money to travel to an inconvenient forum and made is substantially more difficult for him to defend himself in the state court action.

**COUNT I-FAIR DEBT COLLECTION PRACTICES ACT**

30. Plaintiff incorporates the above paragraphs as if set forth fully in this count.

31. Shindler filed a lawsuit against Plaintiff in a judicial district in which consumer did not reside or sign a contract, in violation of Section 15 U.S.C. § 1692i(a)(2).

32. Plaintiff was forced to expend additional time and money to attend court at an inconvenient venue because Shindler wrongfully filed the case in Markham rather than Chicago.

33. As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys' fees.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
THE THOMPSON LAW FIRM, P.C.
180 W. Washington Street, Suite 400
Chicago, IL 60602
Ph: (312) 300-4167
Fx: (312) 340-5712
Bryan@bryanthompsonlaw.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan P. Thompson*
Bryan P. Thompson

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys